# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| ECI SOFTWARE SOLUTIONS, INC., § <br> § CASE 3:18-cv-00511-N <br> Plaintiff, § <br> vs. § <br> § <br> RICHARD E. SHERIDAN JR., § <br> TIMOTHY ROACH, RICHARD E. § <br> SHERIDAN JR. d/b/a ERP SQL PRO, § <br> ERP SQL PRO INC., and DOES 1-10, § <br> § <br> Defendants. § <br> § | |

## REPLY IN SUPPORT OF DEFENDANTS SHERIDAN AND ERP SQL PRO INC.'S MOTION TO DISMISS (FRCP 12(b)) OR, ALTERNATIVELY, TO COMPEL ARBITRATION

TO ALL PARTIES AND THIS HONORABLE COURT:

Defendants Richard E. Sheridan, Jr. and ERP SQL Pro, Inc. hereby submit this reply in support of their motion under Rule 12(b) of the Federal Rules of Civil Procedure to dismiss the complaint filed by Plaintiff ECI Software Solutions, Inc.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  INTRODUCTION

Plaintiff ECI Software Solutions, Inc., ("Plaintiff" or "ECI") used the majority of its opposition to Defendants Richard E. Sheridan, Jr. ("Sheridan") and ERP SQL Pro, Inc.'s ("ERP") motion to dismiss presenting smokescreens in hopes of distracting the Court from a real analysis of the issues. But once the smoke clears, the Court will see that Plaintiff has no justifiable basis to proceed in this Court.

First, the agreement containing a forum selection clause does not give the Court personal jurisdiction or venue over Defendants for a simple reason – it is not at issue in this case. Plaintiff has not brought a single claim that requires the use or interpretation of the agreement, such as for breach of contract, because the alleged conduct occurred outside and well after the expiration of the agreement.

Second, aside from the agreement, the only conduct by Defendants that Plaintiff has come forth with to justify personal jurisdiction is the mere speculation "on information and belief" that Defendants "solicited and provided services" to two of Plaintiff's Texas customers. However, Plaintiff's unsubstantiated speculation does not provide the evidentiary requirements for a prima facie case of personal jurisdiction to refute Defendants' sworn statement (and the sworn statements of these two customer principals) that Defendants have done no business with these two Texas companies.

As to the sufficiency of Plaintiff's pleading of its claims, this is precisely the type of complaint that the Court should strictly analyze. According to Plaintiff, it is satisfactory for a complaint to allege legal conclusions that merely parrot the elements of a claim as long as each claim "repeats, re-alleges and incorporates by reference the prior allegations in th[e] Complaint." That is not fair to the Court or Defendants. The Court should dismiss this case.

## II. RELEVANT REBUTTAL FACTS

Plaintiff's opposition is supported solely by the Declaration John Bugh, who declares that he is "informed and believe[s] that Defendants have solicited and provided services" to two of Plaintiff's customers in Texas. [Bugh Dec. (Doc. 17-1) at ¶¶ 14-18.] Neither Sheridan nor ERP has done any business with either of the two companies – Powder Metallurgy Company and ABC Assembly. [Supplemental Declaration of Richard E. Sheridan, Jr. filed concurrently herewith at ¶¶ 4, 7-8 and Exhs. 1-2.] As such, neither Sheridan nor ERP has disclosed any of Plaintiff's trade secrets or information, confidential or otherwise, to either of the two companies. [*Id.* at ¶ 5.] Further, Ms. Nikki Patton, General Manager of Powder Metallurgy Company, and Mr. Carlos Navarro, President/CEO of ABC Assembly, have declared that the two companies are not doing any business, and have never done any business, with Defendants. [*Id.* at ¶¶ 7-8, Exhs. 1 and 2.]

## III. THE COURT LACKS PERSONAL JURISDICTION.

### A. The expired agreement does not justify personal jurisdiction or venue.

Plaintiff argues that the Court has personal jurisdiction and venue over Defendants via a forum selection clause in the "Independent Contractor Service Agreement" ("ICA") (Doc. 1-1 at Ex. B). However, as set forth in Defendants' motion, and seemingly ignored by Plaintiff,[1] Plaintiff's claims do **not** arise from any of the agreements between Sheridan and Plaintiff.

"Whether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to interpretation of the contract." *Psarros v. Avior Shipping, Inc.*, 192 F.Supp.2d 751, 754 (S.D. Tex. 2002) (quoting *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988)). "If the *substance* of the plaintiff's claims, stripped of their labels, does not

---

[1] Plaintiff inexplicably argues that "Sheridan does not contest that the forum-selection clause encompasses ECI's claims at issue." [Opposition (Doc. 16) at p. 10 of 30.] That is contrary to the truth. [*See* Motion (Doc. 10) at p. 13 of 34 ("The problem for Plaintiff is that their claims do **not** really arise from any of the agreements between Sheridan and Plaintiff.") (Emphasis in original).]

fall within the scope of the forum selection clause, the clause cannot apply." *Soil Building Systems v. CMI Terex Corporation*, 2004 WL 1283966, at *4 (N.D. Tex. June 9, 2004) (citation, international quotation marks, and brackets omitted) (emphasis in original).

Here, the resolution of Plaintiff's claims does **not** require interpretation of the ICA – plain and simple. Nevertheless, Plaintiff attempts to sidetrack the Court by arguing that "absent the contractual relationship between Sheridan and ECI, there would have been no misappropriation, no conversion, and no tortious interference." [Opposition (Doc. 16) at p. 12 of 30.]

That is simply not true. While the contractual relationship between Sheridan and ECI may provide background facts, Plaintiff's claims are not dependent on the agreements between the parties. Therein, while the ICA may subject Sheridan to personal jurisdiction in this Court for a claim of breach of that agreement (which Plaintiff has **not** brought), Plaintiff's claims for misappropriation, conversion, and tortious interference do **not** require that the parties had any prior agreement or contractual relationship.[2] That is why Plaintiff has failed to identify a single element of any of its claims that requires the Court to interpret the ICA.

The cases cited by Plaintiff are not persuasive. For example, in *TGI Friday's, Inc. v. Great Northwest Restaurants, Inc.*, 652 F.Supp.2d 750 (N.D. Tex. 2009), the issue was not even contested – "Defendants do not dispute, or even address, whether TGIF's claims fall within the scope of the forum selection clause." *Id.* at 759, fn. 8. And the other cases cited by Plaintiff dealt with very different scenarios than here – plaintiffs attempting to "avoid a forum-selection clause with 'artful pleading'" (*Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439,

---

[2] Defendants' position is bolstered by the undisputed fact that the agreements between Sheridan and Plaintiff had terminated before the alleged improper conduct of Defendants. *See Polyflow, LLC v. Specialty RTP, LLC*, No. 4:15-CV-02817, 2016 WL 6909383, at *5-9 (S.D. Tex. May 17, 2016) (holding that forum selection clause in employment agreement did not cover claims such as misappropriation of trade secrets after agreement had terminated).

444 (5th Cir. 2008)) or cases involving **alternative** contract and tort claims (*My Cafe-CCC, Ltd. v. Lunchstop, Inc.*, 107 S.W.3d 860, 866 (Tex. App. 2003). Here there are no claims based in contract.

In the end, Plaintiff has not addressed the elephant in the room – if the agreements are at issue in this case, why has it not brought a claim for breach of contract? Plaintiff's claims can clearly be resolved without having to interpret the ICA, and any reference to the agreements is merely incidental backstory. Therefore, the forum selection clause in the ICA does not confer personal jurisdiction or venue over Sheridan.[3]

> B. <u>Plaintiff has made no showing of actual facts that Defendants directed any conduct towards this District that would subject them to liability.</u>

Plaintiff argues that personal jurisdiction is proper in this District for two reasons: (1) Defendants directed their communications and services to two of ECI's Texas customers, and (2) Defendants acquired confidential and proprietary information from ECI, a Texas-based company, thereby causing harm to ECI.

First, Plaintiff's sworn allegations of Defendants' conduct "on information and belief" are insufficient to justify personal jurisdiction. Speculative testimony is inadmissible under Federal Rule of Evidence 602. The Advisory Committee notes to Rule 602 define personal knowledge to mean that the witness "must have had an opportunity to observe, and must have actually observed the fact." A statement is not within a declarant's personal knowledge if the statement is based on information and belief. *See de la O v. Housing Auth. of El Paso*, 417 F.3d 495, 502 (5th Cir. 2005) (citing *Bolen v. Dengel*, 340 F.3d 300, 313 (5th Cir. 2003)).

Here, the extent of facts proffered are from the Declaration John Bugh, who declares that

---

[3] Additionally, even if the Court were to apply the forum selection clause, Plaintiff has not shown how that justifies personal jurisdiction or venue over ERP, which is not a signatory.

he is "informed and believe[s] that Defendants have solicited and provided services" to two of Plaintiff's customers in Texas. [Bugh Dec. (Doc. 17-1) at ¶¶ 14-18.] Mr. Bugh's acknowledgment that the accusations are merely "on information and belief" shows that he lacks the requisite personal knowledge. Further, Mr. Bugh does not explain of how learned of these "facts," rendering his statements inadmissible. *See Daley v. Georgette Klinger, Inc.*, No. CIV.A.3:03-CV-2728-N, 2004 WL 813220, at *2 (N.D. Tex. Apr. 13, 2004) (Godfrey, J.) ("The affidavit provides no basis for any personal knowledge by Daley of the capacity in which Pyle took actions within the State of Texas. Accordingly, the Court sustains TPG's objections to the portions of the Daley Affidavit indicating that Pyle was acting on behalf of TPG."); *see also Travelers Cas. & Sur. Co. of Am. v. Padron*, No. 5:15-CV-200-DAE, 2015 WL 1981563, at *4 (W.D. Tex. May 1, 2015) ("Because Aranda's statements are made upon information and belief and are not supported by additional evidence demonstrating how Aranda became aware of the facts contained therein, the Court agrees that the challenged statements in paragraphs 6, 7, and 8 of Aranda's affidavit are inadmissible and strikes those statements from the record.").[4]

Second, Plaintiff's proffered conclusory allegations "on information and belief" and its conclusory allegations in the Complaint are simply not true, and they are defeated by the sworn statements of both Defendants as well as the sworn testimony of the two ECI customers in question. *See Bell Helicopter Textron Inc. v. Am. Eurocopter*, LLC, 729 F.Supp.2d 789, 794 (N.D. Tex. 2010) ("Allegations of the plaintiff's complaint are taken as true **except to the extent that they are controverted by defendant's affidavits**.") (emphasis added); *see also Daley v.*

---

[4] Plaintiff has not requested jurisdictional discovery, so it has waived that argument and must stand on its current papers. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1281 (11th Cir. 2009) (holding trial court properly dismissed based on lack of personal jurisdiction without allowing discovery even when plaintiff requested it in brief; "All in all, UTC should have taken every step possible to signal to the district court its immediate need for such discovery.").

*Georgette Klinger, Inc.*, *supra*, 2004 WL 813220, at *1 (stating court need only accept "party's uncontroverted allegations (so long as the allegations are not merely conclusory)").

Again, neither Sheridan nor ERP has done any business with either of the two companies – Powder Metallurgy Company and ABC Assembly. [Supp. Sheridan Decl. at ¶¶ 4, 7-8, Exhs. 1-2.] As such, neither Sheridan nor ERP has disclosed any of Plaintiff's trade secrets or information, confidential or otherwise, to either of the two companies. [*Id.* at ¶ 5.] Further, the two companies have confirmed that they are not doing any business, and have never done any business, with Defendants. [*Id.* at ¶¶ 7-8, Exhs. 1 and 2.][5]

Third, aside from conclusory, circular arguments, Plaintiff has not shown how Defendants' "solicitation" of and "providing services" to two Texas companies supports any of Plaintiff's claims. Even if true, that only potentially subjects Defendants to liability under Plaintiff's claims if Defendants improperly used Plaintiff's trade secrets. However, Plaintiff has provided **no evidence** that Defendants used any of Plaintiff's trade secrets in the supposed "solicitation" of or "providing services" to two Texas companies, and Plaintiff has not provided any evidence that those two Texas companies actually terminated their business with Plaintiff.[6]

---

[5] Additionally, Plaintiff does not even attempt to refute the Declarations of Sheridan and Roach filed with their motions attesting that they are employees of ERP. Accordingly, Plaintiff has not shown how the Court has personal jurisdiction over the individual Defendants when the crux of Plaintiff's Complaint is that ERP is the one improperly using Plaintiff's trade secrets, as purportedly evidenced by ERP's website. [*See* Complaint (Doc. 1) at ¶¶ 33-39.]; *see also Landis v. Benitez*, No. 3:07-CV-1929-N, 2008 WL 11348722, at *1 (N.D. Tex. Apr. 21, 2008) (Godfrey, J.) (stating "it is well established that the jurisdictional contacts of a corporation cannot ordinarily be imputed to individual shareholders or officers, absent allegations that the corporation was operated as the alter ego of the individuals").

[6] Accordingly, the cases cited by Plaintiff are inapposite. For example, in *Nu-You Techs., LLC v. Eltoweissy*, No. 3:15-CV-03434-N, 2016 WL 8716451 (N.D. Tex. July 5, 2016), the defendant infringed plaintiff's patent at a barber competition physically in Texas and had a sale to a Texas resident via an interactive website. *Id.* at *1. Plaintiff has made no such allegations or showings here. Compare *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 212 (5th Cir. 1999) (cited by Plaintiff but relying upon affidavit "stating that numerous calls, letters and faxes were made by

Lastly, Plaintiff relies upon a single sentence in its opposition to argue that Sheridan's prior agreements with Plaintiff subject Defendants to personal jurisdiction in this District because "Defendants only acquired ECI's confidential and proprietary information by Sheridan entering into agreements with ECI, and knowingly causing harm to ECI in Texas." [Opposition (Doc. 16) at p. 14 of 30.] Plaintiff conveniently ignores Defendants' motion, and the cases cited therein, showing that courts have squarely rejected that argument. *See, e.g., Stroman Realty v. Wercinski*, 513 F.3d 476, 486 (5th Cir. 2008) ("We have declined to allow jurisdiction for even an intentional tort where the only jurisdictional basis is the alleged harm to a Texas resident.").[7]

In short, Defendants have done nothing to subject themselves to personal jurisdiction in this District. Doing so would not only offend traditional notions of fair play and substantial justice, it would not be fair or reasonable considering that the Court has minimal interest in imposing the extreme hardship on Defendants when Plaintiff has asserted claims under California law.

### IV. VENUE IS NOT PROPER HERE.

Plaintiff's only argument that this is a proper venue is again based on the forum selection clause. As shown above, the ICA agreement is not at issue in this case, and therefore the venue provision should not be given any weight. Without the forum selection clause, Plaintiff has failed to show that venue is proper in this District because "all or a substantial part of the events or omissions" giving rise to Plaintiff's claims occurred here. 28 U.S.C. § 1391(b)(2).

While "the chosen venue does not have to be the place where the most relevant events took place, [] the contacts with the selected district must be **substantial**." *Emelike v. L-3 Commc'ns*

---

Brandt to Wien Air in Texas, and [] that these calls contained the promises, assurances, and representations that are at the heart of the lawsuit").

[7] Rather than directly addressing the arguments and cases cited by Defendants in their motion, Plaintiff summarily attempts to distinguish Defendants' cases in a footnote and, even then, only addresses two of Defendants' cases. [Opposition (Doc. 16) at p. 14 of 30, fn. 3.]

*Corp.*, No. 3:12-CV-2470, 2013 WL 1890289, at *3 (N.D. Tex. May 7, 2013) (emphasis added) (holding that no substantial part of the events related to plaintiff's race discrimination claim occurred in Texas when defendants were located outside of Texas).

Here, Plaintiff is apparently relying on its new accusations that Defendants solicited and performed services for two of Plaintiff's Texas customers. However, one of those customers is not even in this venue – by Plaintiff's own assertion, ABC Assembly is in Houston (which obviously is within the United States District Court for the Southern District of Texas). [Bugh Decl. (Doc. 17-1) at ¶ 17 and Ex. B thereto.] Additionally, Plaintiff does not provide any facts or evidence to justify that Defendants' purported conduct with **one** of Plaintiff's customers in this District constitutes all or a **substantial** part of the conduct Plaintiff is alleging. To the contrary, it appears that the substantial part of the conduct alleged against Defendants occurred outside of the district, especially considering, again, Plaintiff's own allegations state their customers exist worldwide: "ECI maintains offices across the United States, Australia, United Kingdom, and the Netherlands, and provides ECI's Ml Software and Software Services to ECI's customers throughout these and many other locations around the globe." [Complaint (Doc. 1) at ¶ 53.]

V.     **IF THE AGREEMENTS APPLY, PLAINTIFF MUST ARBITRATE.**

Plaintiff argues that the ICA supersedes the prior employment agreement between the parties, and therefore the Court should not compel arbitration pursuant to the employment agreement. Plaintiff misses the mark.

The clause of the ICA referenced by Plaintiff (which Plaintiff conveniently failed to quote) clearly only acts as a merger clause with respect to the terms of Sheridan working as an independent contractor, which may also be evidenced by "prior discussion" and "Statements of Work," not the prior employment relationship between the parties. Therein, the ICA clearly states that it "is the final, complete and exclusive agreement of the parties **with respect to the subject**

**matter hereof** and supersedes and merges all prior **discussions** between us." [ICA (Doc. 1-2) at ¶ 8.1 (emphasis).] If the ICA was to supersede the prior employment agreement why did it not say so, and why did it use the term "discussion"? The clear meaning of the clause, that it only applies to Sheridan's work as an independent contractor and has nothing to do with his prior employment agreement, is bolstered two sentences later – "The terms of this Agreement will govern all Statements of Work and services undertaken by Contractor for ECI." [*Id.*]

Notwithstanding, if the employment agreement has been superseded, why did Plaintiff devote six paragraphs of allegations regarding it and attach it as an exhibit to the Complaint? [*See* Complaint (Doc. 1) at ¶¶ 18-23 and Ex. A (Doc. 1-1).] This is just another example of Plaintiff trying to have its cake and eat it, too. Either the agreements are at issue, or they are not.

Additionally, and again without actually providing the language from the agreement, Plaintiff argues that the agreement with the arbitration provision "expressly reserves ECI's right to seek equitable remedies in Texas state or federal court." [Opposition (Doc. 16) at p. 18 of 30.] Plaintiff's argument is misleading.

The provision of the agreement states that Plaintiff may "apply" to a court "for a temporary restraining order, preliminary injunction, or other interim or conservatory relief." [NDA (Doc. 1-1) at Ex. A, ¶ 10.3.] That provision clearly covers only pre-lawsuit proceedings, which Plaintiff obviously did not undertake. Is Plaintiff is asserting that it is willing to voluntarily dismiss all of its legal claims and prayers for damages against Defendants, and proceed with only seeking "equitable remedies"?

## VI. PLAINTIFF'S "INCORPORATION BY REFERENCE" DOES NOT SATISFY ITS PLEADING REQUIREMENT.

Plaintiff's arguments to justify the pleading of all its claims can be summed up simply as – each claim pleads sufficient facts because it "repeats, re-alleges and incorporates by reference

the prior allegations in th[e] Complaint." [*See* Opposition (Doc. 16) at p. 25 of 30.] However, Plaintiff's "shotgun" Complaint does not satisfy its pleading requirement.

"Alleging a claim by merely attaching a label and/or legal conclusion to no facts unique to that claim—or, at best, threadbare unique facts—is not sufficient to state a claim that is plausible on its face." *Lowe v. Dallas Police Dep't*, No. 3:17-CV-704-G-BN, 2017 WL 4863076, at *9 (N.D. Tex. Oct. 17, 2017), report and recommendation adopted, No. 3:17-CV-0704-G (BN), 2017 WL 4838980 (N.D. Tex. Oct. 26, 2017); *see also Price v. Am.'s Servicing Co.*, No. 3:12-CV-2642-D, 2013 WL 1914939, at *6, fn. 4 (N.D. Tex. May 9, 2013) (referring to pleading practice of "shotgun pleading" as "when a pleading 'sets forth an excessive number of facts, and then adopts them in conclusory fashion to a number of legal claims, with the result that each claim includes facts that are not material to that claim'") (citations omitted).

The dubious nature of Plaintiff's argument is highlighted by its position on its claim/not-a-claim for unjust enrichment/restitution. Therein, Plaintiff takes the position that this is not alleged as a "standalone claim" but rather a remedy under Plaintiff's trade secrets claim because it incorporates prior allegations in the Complaint, which includes the trade secrets claim. If so, how does Plaintiff explain the heading clearing identifying: "FOURTH CAUSE OF ACTION – Unjust Enrichment/Restitution (Against all Defendants)"? [Complaint (Doc. 1) at p. 15 of 19.] Further, if Plaintiff expects the Court to buy this argument, then it should have no problem in acknowledging that everything except its claim for misappropriation of trade secrets is not a standalone claim and can be dismissed with prejudice.

Overall, the pleading of each of Plaintiff's claims is inadequate.[8]

---

[8] Plaintiff has not requested leave to amend, so it has waived such an argument and must stand on its current complaint. *Cinel v. Connick*, 15 F.3d 1338, 1346 (5th Cir. 1994) (holding district court does not abuse discretion in failing to grant leave to amend when such relief is not sought).

THE ANNIGIAN FIRM, APC

Dated: May 7, 2018     By: /s/ Jason D. Annigian
                           Jason D. Annigian
                           Norther District Admission Approved Pending Oath
                           California State Bar No. 208876
                           THE ANNIGIAN FIRM, APC
                           114 N. Indian Hill Blvd., Suite E
                           Claremont, California 91711
                           Tel:   (909) 981-0475
                           Fax:   (909) 981-0113
                           E-mail: jason@annigian-law.com

                           GEARY PORTER & DONOVAN, P.C.

Dated: May 7, 2018     By: /s/ James N. Zoys
                           James N. Zoys
                           Texas State Bar No. 24028155
                           GEARY, PORTER & DONOVAN, P.C.
                           16475 Dallas Parkway, Suite 400
                           Addison, TX 75001
                           Tel:   (972) 931-9901
                           Fax:   (972) 349-2282
                           E-mail: jzoys@gpd.com

                           Attorneys for Defendant
                           Richard E. Sheridan, Jr. and ERP SQL Pro, Inc